IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RAY HASHEMPOUR,                          §
                                         §
              Plaintiff,                  §
                                         §
v.                                       §
                                         §    CIVIL ACTION NO. H-12-0181
ACE AMERICAN INSURANCE COMPANY,           §
GALLAGHER BASSETT SERVICES,               §
INC., and DIVERSIMED, INC.,               §
                                         §
              Defendants.                 §

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ray Hashempour, brings this action against
defendant, ACE American Insurance Company ("ACE") for breach of
contract and breach of the duty of good faith and fair dealing, and
against defendants ACE, Gallagher Bassett Services, Inc.
("Gallagher"), and Diversimed, Inc. ("Diversimed"), for violation
of the Texas Insurance Code, violation of the Texas Deceptive Trade
Practices Act ("TDTPA"), and legal "malice" and unconscionability.
Plaintiff seeks damages, exemplary damages, and attorney's fees.
Defendants ACE and Gallagher have asserted cross-claims against
defendant Diversimed for common law contribution and indemnity,
contribution under Chapters 32 and 33 of the Texas Civil Practice
and Remedies Code, and, alternatively, breach of authority or other
duties arising under the law of agency, and breach of the
instructions, understandings, and/or agreements running between

Gallagher and Diversimed with respect to Diversimed's work, conduct, and/or efforts concerning Plaintiff.  Pending before the court are Defendant Diversimed, Inc.'s Motion to Dismiss, Pursuant to FRCP 12(b)(6), for Failure to State a Claim Upon Which Relief Can Be Granted (Docket Entry No. 3); Cross-Defendant Diversimed, Inc.'s Motion to Dismiss Cross-Plaintiffs' Crossclaim, Pursuant to FRCP 12(b)(6), for Failure to State a Claim Upon Which Relief Can Be Granted (Docket Entry No. 48); Defendants ACE and Gallagher's request for leave to amend their cross-claims alleged against Diversimed, included in ACE's and Gallagher's Response to Cross-Defendant Diversimed, Inc.'s Motion to Dismiss Cross-Plaintiffs' Cross-Claim ("ACE's and Gallagher's Response to Diversimed's Motion to Dismiss Cross-Claim") (Docket Entry No. 51); and ACE's and Gallagher's Motion for Leave to Designate Responsible Third-Party (Docket Entry No. 52).  For the reasons stated below, Diversimed's two pending motions to dismiss and ACE's and Gallagher's motion to designate responsible third-party will be granted, and ACE's and Gallagher's request to amend their cross-claims will be denied.

## I.  <u>Background</u>

### A.  Factual Allegations

Plaintiff alleges that he was a self-employed, owner-operator of an 18-wheel tractor-trailer when in February of 2009 he suffered an occupational injury.  The injury caused plaintiff severe leg pain as well as numbness and weakness in his lower extremities that

rendered him unable to resume his occupation as a truck driver.   In October of 2009 plaintiff underwent a lumbar fusion following which he experienced additional disabling conditions, including leg cramping and pain through his feet, legs, and back.  By January of 2010 plaintiff's treating physicians had diagnosed him with chronic pain syndrome and opined that he was totally incapacitated and unable to work as a truck driver.[1]

Before he was injured plaintiff purchased an occupational accident insurance policy from ACE, Policy No. TOC NO1303533 ("the Policy"), pursuant to which temporary total disability benefits were payable for a maximum period of 104 weeks, and permanent disability benefits were payable to the date the insured's social security disability award stopped.[2]

Plaintiff gave notice of his occupational injury to ACE or its claims administrator, Broadspire.   Broadspire determined that plaintiff met the Policy requirements for Temporary Total Disability, and proceeded to pay both indemnity and medical benefits.[3]

---

[1]Plaintiff's Original Petition at pp. 2-3 ¶¶ 7-10, and Plaintiff's First Amended Petition at pp. 2-3 ¶¶ 8-11, attached to Notice of Removal, Docket Entry No. 1.

[2]Plaintiff's Original Petition at p. 3 ¶ 11, and Plaintiff's First Amended Petition at p. 3 ¶ 12, attached to Notice of Removal, Docket Entry No. 1.

[3]Plaintiff's Original Petition at p. 3 ¶ 12, and Plaintiff's First Amended Petition at pp. 3-4 ¶ 13, attached to Notice of Removal, Docket Entry No. 1.

On March 1, 2010, management for plaintiff's claim was transferred from Broadspire to Gallagher. Gallagher engaged Diversimed to arrange for an independent medical examination ("IME") of plaintiff, and Diversimed engaged Dr. Ruben Pechero to perform the IME. After Dr. Pechero examined plaintiff, he reported to Diversimed and Gallagher that plaintiff could return to work on an unrestricted basis. On September 23, 2010, Gallagher terminated plaintiff's claim and stopped paying indemnity and medical benefits despite repeated requests from plaintiff for medical attention and repeated reports from plaintiff's treating physicians that plaintiff needed medical attention.[4]

## B.  Procedural Background

On August 3, 2011, plaintiff filed Plaintiff's Original Petition against ACE, Gallagher, and Diversimed in the 406th Judicial District Court of Webb County, Texas, Cause No. 2011-CVF001161D4. Plaintiff's Original Petition alleged that defendants ACE and Gallagher improperly terminated his benefits and stopped paying indemnity and medical benefits due under the Policy. Plaintiff asserted causes of action against ACE for breach of contract and breach of the duty of good faith and fair dealing, and causes of action against ACE, Gallagher, and Diversimed for

---

[4]Plaintiff's Original Petition at pp. 3-4 ¶¶ 13-16, and Plaintiff's First Amended Petition at pp. 4-6 ¶¶ 14-18, attached to Notice of Removal, Docket Entry No. 1.

violation of the Texas Insurance Code Sections 541.060 and 542.003, violation of the TDTPA, and legal malice and unconscionability.[5] On or about September 7, 2011, defendants ACE and Gallagher were served with a copy of a Citation and Plaintiff's Original Petition.

On September 12, 2011, plaintiff filed Plaintiff's First Amended Original Petition naming as defendants ACE, Gallagher, Diversimed, and Dr. Ruben Pechero.  Like Plaintiff's Original Petition, Plaintiff's First Amended Petition asserts causes of action against ACE for breach of contract and breach of the duty of good faith and fair dealing, and causes of action against all of the defendants for violation of the Texas Insurance Code Sections 541.060 and 542.003, violation of the TDTPA, and legal malice and unconscionability.[6]

On October 6, 2011, defendants removed this action to the United States District Court for the Southern District of Texas, Laredo Division, asserting that complete diversity of citizenship existed among the parties and that the amount in controversy exceeded $75,000.  Defendants noted that plaintiff had filed a First Amended Original Petition that named as a defendant a Texas citizen, Dr. Pechero, but that since Dr. Pechero had not been

---

[5]Plaintiff's Original Petition, attached to Notice of Removal, Docket Entry No. 1.

[6]Plaintiff's First Amended Petition, attached to Notice of Removal, Docket Entry No. 1.

served, 28 U.S.C. § 1441(b) did not bar removal on the basis of diversity jurisdiction.[7]

On October 12, 2011, Diversimed filed a motion to dismiss the plaintiff's claims arguing that plaintiff's complaint failed to state claims against Diversimed upon which relief could be granted and that venue was improper.[8]

On November 9, 2011, plaintiff filed a Stipulation for Dismissal pursuant to Fed. R. Civ. P. 41 stating that he

> no longer seeks to pursue his claims against Defendant, Ruben D. Pechero. This stipulation is being made before any appearance has been made by said Defendant. Accordingly, Hashempour seeks to dismiss and non-suit such claims asserted against Defendant Ruben D. Pechero without prejudice.[9]

On January 18, 2012, the court issued an Order directing the Clerk of the Court to terminate Dr. Pechero from this case. The court explained that "because Pechero has served neither an answer nor a

---

[7] "[28 U.S.C.] § 1441(b) bars removal on the basis of diversity if any 'part[y] in interest properly joined and served as [a] defendan[t] is a citizen of the State in which [the] action is brought.'" Lincoln Property Co. v. Roche, 126 S.Ct. 606, 613 (2005). See also id. at n.6 ("Although we have not addressed the issue, several lower courts have held that the presence of a diverse but in-state defendant in a removed action is a 'procedural' defect, not a 'jurisdictional' bar, and that the defect is waived if not timely raised by the plaintiff.").

[8] Defendant Diversimed, Inc.'s: 1. Motion to Dismiss, Pursuant to FRCP 12(b)(6), for Failure to State a Claim Upon Which Relief Can Be Granted; and 2. Motion to Dismiss, for Improper Venue, Pursuant to FRCP 12(b)(3) ("Diversimed's Motion to Dismiss"), Docket Entry No. 3.

[9] Stipulation for Dismissal, Docket Entry No. 14.

motion for summary judgment, the stipulation is consistent with
Rule 41(a)(1)(A)(i).[10]

On November 9, 2011, plaintiff and Diversimed filed a
Stipulation for Dismissal pursuant to Fed. R. Civ. P. 41 stating
that plaintiff "seeks to dismiss and non-suit such claims asserted
against Defendant Diversimed, Inc. without prejudice."[11]   On
January 18, 2012, the court issued an Order (Docket Entry No. 17)
striking the Stipulation of Dismissal as to Diversimed because
although the stipulation was signed by plaintiff and Diversimed, it
was not signed by all parties who had entered an appearance, i.e.,
ACE and Gallagher.

On November 16, 2011, plaintiff, ACE, and Gallagher filed an
Agreed Motion to Transfer Venue (Docket Entry No. 15), and on
January 18, 2012, this action was transferred from the Laredo to
the Houston Division of the Southern District of Texas.

On May 18, 2012, defendants ACE and Gallagher filed a Response
to Diversimed, Inc.'s Motion to Dismiss (Docket Entry No. 40), a
Response to Plaintiff's Stipulation for Dismissal (Docket Entry
No. 41), and an Unopposed Motion to Amend Their Answer and, in the
Strict Alternative, Crossclaim Against Defendant Diversimed, Inc.
(Docket Entry No. 39).   On May 21, 2012, the court granted ACE's
and Gallagher's motion to amend (Docket Entry No. 44).   In their

---

[10]Order, Docket Entry No. 17.

[11]Stipulation for Dismissal, Docket Entry No. 13.

amended answer ACE and Gallagher assert cross-claims against Diversimed for common law contribution and indemnity, contribution under Chapters 32 and 33 of the Texas Civil Practice and Remedies Code, and, alternatively, for "breach of authority or other duties arising under the law of agency"[12] and "breach of the instructions, understandings and/or agreements running between Gallagher and Diversimed with respect to Diversimed's work, conduct and/or efforts concerning Plaintiff."[13]

On June 11, 2012, Diversimed filed Cross-Defendant Diversimed, Inc.'s Motion to Dismiss Cross-Plaintiffs' Crossclaim, Pursuant to FRCP 12(b)(6), for Failure to State a Claim Upon Which Relief Can Be Granted ("Diversimed's Motion to Dismiss Cross-Claim") (Docket Entry No. 48). On July 2, 2012, ACE and Gallagher filed ACE's and Gallagher's Response to Cross-Defendant Diversimed's Motion to Dismiss Cross-Plaintiff's Cross-Claims ("ACE's and Gallagher's Response to Diversimed's Motion to Dismiss Cross-Claim") (Docket Entry No. 51).

On July 5, 2012, defendants ACE and Gallagher filed ACE's and Gallagher's Motion for Leave to Designate Responsible Third-Party ("ACE's and Gallagher's Motion to Designate Responsible Third-

---

[12]Defendant ACE American Insurance Company and Gallagher Bassett Services, Inc.'s First Amended Answer and, in the Strict Alternative, Crossclaim Against Defendant Diversimed, Inc. ("ACE and Gallagher's Amended Answer and Crossclaim Against Diversimed"), Docket Entry No. 45, pp. 13-14 ¶ 88.

[13]Id. at 14 ¶ 88.

Party") (Docket Entry No. 52), in which ACE and Gallagher seek to name Diversimed as a responsible third party pursuant to Texas Civil Practice and Remedies Code § 33.004.

## II. __Diversimed's Motions to Dismiss__

Diversimed seeks dismissal of all the claims asserted against it in this action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted.[14] Although Diversimed's motion to dismiss plaintiff's claims has been on file for over nine months, and Diversimed's motion to dismiss ACE's and Gallagher's cross-claims has been on file for over two months, plaintiff has not responded to either of Diversimed's pending motions to dismiss.

## A.    **Standard of Review**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom Cloud v. United States, 122 S.Ct. 2665 (2002). The court must accept the factual allegations of the complaint as true, view them in a light most

---

[14]Diversimed's motion to dismiss plaintiff's claims is also based on an assertion of improper venue, but since this action has been transferred from the Laredo to the Houston Division of the Southern District of Texas, that argument is moot.

favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  Id.  The court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." Ferrer v. Chevron Corp., 484 F.3d 776, 780 (5th Cir. 2007) (quoting Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005)).

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

Swierkiewicz v. Sorema N.A., 122 S.Ct. 992, 997 (2002) (quoting Scheuer v. Rhodes, 94 S.Ct. 1683, 1686 (1974)).  To avoid dismissal a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).  Twombly's plausibility standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility a defendant acted unlawfully." Id.  "[D]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain

relief."   Torch Liquidating Trust ex rel. Bridge Associates L.L.C. v. Stockstill, 561 F.3d 377, 384 (5th Cir. 2009).

Local Rule 7.3 provides that "[O]pposed motions will be submitted to the judge twenty days from filing without notice from the clerk and without appearance by counsel."   S.D.Tex.R. 7.3 (2000).  Local Rule 7.4 provides:

> Failure to respond will be taken as a representation of no opposition.  Responses to motions
>
> A.   Must be filed by the submission day;
>
> B.   Must be written;
>
> C.   Must include or be accompanied by authority; and
>
> D.   Must be accompanied by a separate form order denying the relief sought.

S.D.Tex.R. 7.4 (2000).  While recognizing that Local Rule 7.4 allows a court to construe a party's failure to respond as a representation of no opposition, the Fifth Circuit has said that where the motion is dispositive, "[t]he mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice." Watson v. United States ex rel. Lerma, 285 Fed. Appx. 140, 143 (5th Cir. 2008).  The Fifth Circuit has held, however, that a proper sanction for a failure to respond to a dispositive motion is for the court to decide the motion on the papers before it.  Ramsay v. Bailey, 531 F.2d 706, 709 n.2 (5th Cir. 1976), cert. denied, 97 S.Ct. 1139 (1977) (per curiam).  See also Eversley v. MBank Dallas, 843 F.2d 172, 173-174 (5th Cir. 1988) (observing that when the

-11-

nonmovant fails to respond, the court may properly accept as true
the movant's factual allegations).

**B.   Analysis**

   1.   Diversimed's Motion to Dismiss Plaintiff's Claims

   Asserting that two of the five causes of action alleged in
plaintiff's complaint are directed only against ACE, i.e., breach
of contract and breach of the duty of good faith and fair dealing,
and that the remaining three causes of action for violation of the
Texas Insurance Code, violation of the TDTPA, and legal malice and
unconscionability are alleged against all of the "'[d]efendants,
without making any effort to delineate the specific conduct, of
each Defendant, that Plaintiff claims gives rise to recovery,"[15]
Diversimed argues that the claims that plaintiff has alleged
against it should be dismissed for failure to state a claim for
which relief may be granted.   Diversimed explains that

> [t]he Petition only makes two specific factual references
> to Diversimed.   Paragraph 14 states:
>
> > Gallagher Bassett then engaged Diversimed,
> > Inc. ("Diversimed") to arrange for an alleged
> > "independent"    medical    examination    of
> > Hashempour.     Diversimed   then   engaged   a
> > Dr. Ruben Pechero to perform that medical
> > examination.  Diversimed or Gallagher Bassett
> > or   both   failed   to   determine   Pechero's
> > qualifications to provide an objective medical
> > assessment   of   Hashempour's   condition   and
> > ability to return to work, and cherry-picked
> > the     information     supplied     Pechero.
> > Alternatively,   Gallagher   Bassett   and

---

[15]Diversimed's Motion to Dismiss, Docket Entry No. 3, p. 3.

> Diversimed failed to investigate and determine
> the qualifications of its designated
> "independent" medical examiner.

Paragraph 19 of the Petition states:

> . . . Diversimed was at all material times
> doing the bidding of Gallagher Bassett and its
> principal in purporting to provide Gallagher
> Bassett and ACE with "savings" by knowingly
> using incompetent or unqualified medical
> consultants for medical exams, as undertaken
> with Ray Hashempour, to his injury and
> damage.[16]

Diversimed argues that these factual allegations in plaintiff's

petition are not sufficient to state a claim against Diversimed for

violations of the Texas Insurance Code, legal malice and

unconscionability, or violations of the TDTPA.

(a)   Claims for Violation of the Texas Insurance Code

Diversimed argues that plaintiff's claims for violation of

§§ 541.060 and 541.003 of the Texas Insurance Code are subject to

dismissal because "only an individual or entity 'engaged in the

business of insurance' can be held liable for a violation of those

Code provisions,"[17] and

> [p]laintiff's petition does not allege or state facts
> sufficient to show that Diversimed is an insurance
> company, insured [p]laintiff, or was otherwise "engaged
> in the business of insurance," such that it can be
> subject to liability under the pleaded sections of
> § 541.060 of the [Texas Insurance] Code.

---

[16]Id. at 3-4 (quoting Plaintiff's Original Petition at 4 ¶ 14
and 5 ¶ 19, and Plaintiff's First Amended Petition at 4 ¶ 15 and
6 ¶ 21, attached to Notice of Removal, Docket Entry No. 1).

[17]Id. at 7.

. . .

> The same is true for Plaintiff's claim that
> "Defendants' conduct also constituted unfair claims
> settlement practices in violation of the Texas Insurance
> Code §§ 542.003, et seq." That section of the Insurance
> Code specifically states that it applies only to "an
> insurer engaged in business in this state." Plaintiff
> has not alleged that Diversimed is an "insurer engaged in
> business in this state" and, therefore, has not alleged
> facts sufficient to state a claim against it under this
> provision of the Insurance Code.[18]

The Texas Insurance Code prohibits certain practices by persons "engaged in the business of insurance." Tex. Ins. Code § 541.002(2) ("'Person' means an individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster, or life and health insurance counselor."). In this case plaintiff alleges that Diversimed is a company that Gallagher hired to arrange an IME for plaintiff. It is well-established that Texas law does not recognize a claim under the Texas Insurance Code against independent firms that are hired to provide appraisals or similar services to an insurance company. See Woodward v. Liberty Mutual Insurance Co., 2009 WL 1904840, *4 (N.D. Tex. July 2, 2009) (holding that an appraiser appointed by the insurance company after the policy's appraisal clause was invoked was not a person for purposes of the Texas Insurance Code). See also Dagley v. Haag Engineering Co., 18 S.W.3d 787, 793 (Tex. App. -- Houston [14th

---

[18]Id. at 7-8.

Dist.] 2000, no pet.) (independent firm hired by insurance carrier to perform engineering services could not be liable to insured under the Texas Insurance Code because it was not engaged in the business of insurance).

Plaintiff has not responded to Diversimed's motion, and the court's independent research has revealed no case in which an independent entity hired by an insurance company to provide an IME has been held to be a person engaged in the business of insurance for purposes of the Texas Insurance Code.  Plaintiff has not alleged that Diversimed participated in any way in the sale or servicing of his insurance policy, made any representations to him regarding the coverage available under the policy, or adjusted the plaintiff's insurance claim.  Instead, plaintiff alleges only that Diversimed arranged for Dr. Pechero to conduct an IME of the plaintiff, a service analogous to appraisal services that courts in Texas have consistently held do not constitute engaging in the business of insurance for purposes of asserting claims under the Texas Insurance Code.  There is thus no reasonable basis for the court to conclude that the Texas Insurance Code claims that plaintiff has asserted against Diversimed are claims for which relief may be granted.

(b)   Claim for Violation of the TDTPA

Citing Eckman v. Centennial Savings Bank, 784 S.W.2d 672 (Tex. 1990), Diversimed argues that plaintiff's claim for violation of

the TDTPA is subject to dismissal because plaintiff has failed to allege facts sufficient to establish that he is a "consumer," which is a requirement in order to recover under the TDTPA.[19]  In Eckman the Texas Supreme Court stated that "[a] plaintiff must be a 'consumer' to maintain a private action under the [T]DTPA." Id. at 674 (citing Knight v. International Harvester Credit Corp., 627 S.W.2d 382, 388 (Tex. 1982)).  "'Consumer' means an individual . . . who seeks or acquires by purchase or lease, any goods or services." Tex. Bus. & Com. Code § 17.45(4).  Plaintiff alleges that Diversimed's services were acquired at the request of Gallagher, not plaintiff.  Because plaintiff has not alleged that he acquired the IME that Diversimed arranged (and Dr. Pechero performed) by purchase or lease, plaintiff has not alleged facts capable of establishing that he is a "consumer" for purposes of the TDTPA.  Because plaintiff has not alleged facts capable of establishing that he is a "consumer," plaintiff's allegations fail to state a TDTPA claim against Diversimed upon which relief can be granted.  Accordingly, Diversimed's motion to dismiss the plaintiff's claims for violation of the TDTPA will be granted.

(c)  Claims for Legal Malice and Unconscionability

Diversimed argues that the court should dismiss plaintiff's claim for legal malice and unconscionability because Texas law does not recognize separate and distinct torts of malice and/or

---

[19]Id. at 11.

unconscionability and, alternatively, because plaintiff has failed

to state a claim for which exemplary damages may be recovered.

Diversimed explains that it is unsure whether

> Plaintiff is alleging separate and distinctly pleaded
> torts, or merely alleging conduct which, if proven true,
> would entitle him to an award of exemplary/punitive
> damages.
>
> If it is the former, then the Petition fails to
> state a claim, as Plaintiff has not alleged, and Texas
> does not recognize, separate and distinct torts of
> "malice" and/or "unconscionability."
>
> More likely, however, Plaintiff is simply attempting
> to plead the entitlement to exemplary/punitive damages in
> the event of a liability finding as to one or more of his
> causes of action.  While it is true that a finding of
> malice could theoretically entitle Plaintiff to an award
> of exemplary/punitive damages, it is also true that
> Plaintiff must state an underlying claim which would
> trigger tort liability, and thus an entitlement to
> punitive damages.  As stated previously, however,
> Plaintiff has failed to state recognizable claims against
> Diversimed under which relief can be granted.  Since he
> has failed to plead claims which would entitle him to
> recovery (under the Insurance Code and/or DTPA), it
> follows that he has failed to plead causes of action
> which, in the event of a liability finding, would entitle
> him to recover exemplary/punitive damages.[20]

Under the heading "Legal 'Malice' & Unconscionability"

plaintiff alleges:

> Plaintiff re-alleges and incorporates each
> allegation contained in the proceeding paragraphs of this
> Petition.
>
> Defendants acted fraudulently and with malice in
> denying Mr. Hashempour's claim for occupational accident
> benefits.  Defendants' conduct when viewed objectively
> from its standpoint, at the time of the occurrence
> complained of in this action, involved an extreme degree

---

[20]<u>Id.</u> at 13-14.

of risk to Mr. Hashempour, considering the probability
and magnitude of the potential harm to Mr. Hashempour.
In addition, Defendants had actual, subjective awareness
of the risk involved, but nevertheless proceeded with a
conscious indifference to the rights, safety or welfare
of Mr. Hashempour.

Defendants acted in an unconscionable manner in
their wrongful denial and delay in the payment of
Mr. Hashempour's claim for occupational accident
benefits, all for which Hashempour further sues.[21]

Although presented as an independent cause of action, plaintiff's

allegations of "Legal 'Malice' & Unconscionability" do not state a

cause of action recognized by Texas law.   Instead, plaintiff's

allegations of malice and unconscionable conduct, if true, would

merely support plaintiff's request for exemplary damages.   See

Tex. Civ. Prac. & Rem. Code § 41.003(a) ("Except as provided by

Subsection (c), exemplary damages may be awarded only if the

claimant proves by clear and convincing evidence that the harm with

respect to which the claimant seeks recovery of exemplary damages

results from: (1) fraud; (2) malice; or (3) gross negligence.").

Requests for exemplary damages are requests for a remedy, not a

cause of action.   See Sulzer Carbomedics, Inc. v. Oregon Cardio-

Devices, Inc., 257 F.3d 449, 461 (5th Cir. 2001) (explaining that

exemplary damages are a remedy and not a cause of action);

Travelers Indemnity Co. of Illinois v. Fuller, 892 S.W.2d 848, 852

(Tex. 1995) (recognizing "long settled rule that a plaintiff must

_____

[21]Plaintiff's Original Petition, p. 8 ¶¶ 34-36, and Plaintiff's
First Amended Original Petition, p. 9 ¶¶ 36-38, included in Notice
of Removal, Docket Entry No. 1.

-18-

show himself entitled to compensatory relief before punitive damages are recoverable"). Because the court has already concluded that plaintiff has failed to allege facts capable of stating a claim for which relief may be granted against Diversimed for violation of the Texas Insurance Code and/or the TDTPA, plaintiff has failed to state any claims against Diversimed for which he would be entitled to the remedy of exemplary damages. Accordingly, Diversimed's motion to dismiss the plaintiff's independent claim for "Legal 'Malice' & Unconscionability" will be granted.

2.  Diversimed's Motion to Dismiss ACE's and Gallagher's Cross-Claims

    (a) ACE's and Gallagher's Cross-claims Fail to State a Claim for Which Relief May Be Granted

In their amended answer ACE and Gallagher assert cross-claims against Diversimed for common law contribution and indemnity, contribution under Chapters 32 and 33 of the Texas Civil Practice and Remedies Code, and, alternatively, for "breach of authority or other duties arising under the law of agency,"[22] and "breach of the instructions, understandings and/or agreements running between Gallagher and Diversimed with respect to Diversimed's work, conduct and/or efforts concerning Plaintiff."[23]

Diversimed argues that ACE's and Gallagher's cross-claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6)

---

[22]ACE and Gallagher's Amended Answer and Crossclaim Against Diversimed, Docket Entry No. 45, pp. 13-14 ¶ 88.

[23]Id. at 14 ¶ 88.

for failure to state a claim for which relief may be granted.
Diversimed explains that:

> 6. Cross-Plaintiffs' crossclaim makes few, if any, affirmative allegations of wrongdoing against Diversimed. In fact, paragraph 85 of the crossclaim states that "Defendants ACE and Gallagher specifically deny that either Diversimed or Dr. Pechero have engaged in any wrongful, improper or otherwise actionable conduct, whether by act or omission and whether knowingly or unknowingly."

> 7. The crossclaim appears to merely assert derivative claims based upon the allegations Plaintiff makes in his Complaint. The crossclaim states that, "in the strict alternative", Cross-Plaintiffs are entitled to indemnity and/or contribution from Cross-Defendant. This is stated in paragraph 85 of the crossclaim which reads, in part: ". . . if the Court or trier of fact shall find or hold either ACE or Gallagher to be responsible for the acts or omissions . . . of Diversimed, then Defendants ACE and Gallagher are entitled to indemnity and/or contribution from Diversimed.

> 8. This section of the crossclaim does not, however, allege what acts or omissions of Diversimed entitles Cross-Plaintiffs to indemnity and/or contribution from it. As such, it fails to state a claim upon which relief can be granted. To the extent the crossclaim relies on the factual allegations set forth in Plaintiff's petition, it is still deficient, in that Plaintiff's petition itself fails to state claims against Diversimed upon which relief can be granted.[24]

Diversimed also explains that ACE and Gallagher's allegation that any wrongful, improper, or otherwise actionable conduct was outside the scope of Diversimed's authority is subject to dismissal because "this allegation fails to allege with particularity what 'wrongful, improper or otherwise actionable conduct' Diversimed engaged in

---

[24]Diversimed's Motion to Dismiss Crossclaim, Docket Entry No. 48, pp. 3-4 ¶¶ 6-8.

and/or how such conduct exceeded Diversimed's authority."[25] Diversimed explains further that ACE and Gallagher's allegation that Diversimed breached the instructions, understandings and/or agreements running between Gallagher and Diversimed are subject to dismissal because ACE and Gallagher fail "to state which 'instructions, understandings and/or agreements" Diversimed allegedly breached and which acts/omissions [of] Diversimed allegedly constituted breaches of those agreements."[26]

ACE and Gallagher respond that they

> withdraw their causes of action against Diversimed for common law contribution and indemnity and their causes of action for contribution pursuant to Chapters 32 and 33 of the CPRC. ACE and Gallagher continue to assert their causes of action, plead only in the strict alternative, against Diversimed for negligence and breach of contract in the event that the Court or trier of fact find or hold either ACE or Gallagher responsible for the acts or omissions of Diversimed for the conduct alleged by Plaintiff in paragraphs 14 through 19 of Plaintiff's First Amended Petition. Plaintiff has alleged that Diversimed's acts of omission and commission can be attributed to ACE and/or Gallagher. If Plaintiff is correct and if the Court or trier of fact find that ACE and/or Gallagher are legally responsible for the acts of omission or commission by Diversimed, then ACE and/or Gallagher have a legal right to assert a cause of action in negligence and breach of contract and a right of recovery against Diversimed for any liability attributable to Diversimed since ACE and/or Gallagher relied upon Diversimed to do its job correctly and to retain a medical provider that could properly determine whether Plaintiff was disabled or not.[27]

---

[25] Id. at 4 ¶ 9.

[26] Id. at 5 ¶ 11.

[27] ACE's and Gallagher's Response to Diversimed's Motion to Dismiss Cross-Claim, Docket Entry No. 51, pp. 2-3.

ACE and Gallagher argue that the allegations contained in paragraph 86 of their answer, where they allege that "Diversimed breached the instructions, understandings and/or agreements running between Gallagher and Diversimed with respect to Diversimed's work, conduct and/or efforts concerning Plaintiff; which breach caused damages to Gallagher. . ."[28] "sufficiently sets forth the elements of a negligence and breach of contract cause of action against Diversimed that satisfy the pleading requirement of Rule 8(a)."[29] In the event the court disagrees, ACE and Gallagher seek leave "to amend their Cross-Claim to rectify the deficiencies the Court may find exist in Defendants' pleading of their negligence and breach of contract causes of action asserted against Diversimed."[30]

In paragraph 86 of their First Amended Answer and Crossclaim, ACE and Gallagher assert that "Diversimed breached the instructions, understandings and/or agreements running between Gallagher and Diversimed with respect to Diversimed's work, conduct and/or efforts concerning Plaintiff; which breach caused damage to Gallagher,"[31] but ACE and Gallagher fail to allege any facts capable of establishing what, if any, instructions, understandings, and/or agreements existed between ACE, Gallagher, and Diversimed, and/or

---

[28]_Id._ at 5 (citing Docket Entry No. 45, p. 13 ¶ 86).

[29]_Id._

[30]_Id._ at 6.

[31]_Id._ at 5 (citing Docket Entry No. 45, p. 13 ¶ 86).

how Diversimed breached any such instructions, understandings, and/or agreements. Because ACE and Gallagher's cross-claims have no factual basis apart from the facts that the plaintiff has alleged, and because the court has already concluded that the plaintiff's factual allegations are insufficient to state a claim against Diversimed for which relief may be granted, the court concludes that ACE's and Gallagher's factual allegations are insufficient to state claims for negligence and/or breach of contract against Diversimed for which relief may be granted.

(b)  ACE's and Gallagher's Request to Amend

In the event the court determines that their cross-claims are insufficient to withstand Diversimed's motion to dismiss, ACE and Gallagher have requested leave to amend, but have not provided the court proposed amendments.[32]  ACE and Gallagher have, instead, described the bases for their negligence and breach of contract claims against Diversimed.

Regarding their negligence claim, ACE and Gallagher explain:

Diversimed owed a duty to Defendants to select a competent medical provider to perform an IME of Plaintiff.  Plaintiff alleges that Diversimed engaged Dr. Pechero, who Plaintiff claims, was not qualified to perform an IME and that his examination was outcome-oriented.  If the Court or trier of fact find that Diversimed did not select a competent medical provider as alleged by Plaintiff, Diversimed may be found to have breached a duty to ACE and Gallagher.[33]

---

[32]Id. at 7.

[33]Id. at 6.

A cause of action for negligence has three elements:  (1) a legal duty on the part of the defendant, (2) a breach of that duty, and (3) damages proximately resulting from the breach.  <u>Van Horn v. Chambers</u>, 970 S.W.2d 542, 544 (Tex. 1998), <u>cert. denied</u>, 119 S.Ct. 546 (1998).  "The existence of a duty is a threshold question of law. . . The nonexistence of a duty ends the inquiry into whether negligence liability may be imposed."  <u>Id.</u> (citing <u>St. John v. Pope</u>, 901 S.W.2d 420, 424 (Tex. 1995)).  ACE's and Gallagher's allegation that Diversimed owed them a duty to find a qualified medical provider to conduct an IME on plaintiff, and that Diversimed breached that duty by failing to find a qualified medical provider is not sufficient to state a claim for negligence under Texas law absent allegations of fact capable of establishing that Diversimed owed Gallagher and/or ACE a legal duty to find and retain a medical provider qualified to perform an IME on the plaintiff.  ACE and Gallagher have not alleged any such facts.

Regarding their breach of contract claim, ACE and Gallagher explain:

> Gallagher entered into an agreement with Diversimed whereby Diversimed was to locate and retain a competent medical provider to perform an IME.  If the Court or trier of fact find that Diversimed did not select a competent medical provider as alleged by Plaintiff, Diversimed may be found to have breached an agreement with ACE and Gallagher to provide such a qualified medical provider.[34]

---

[34]<u>Id.</u>

-24-

In Texas "the essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." Mullins v. TestAmerica, Inc., 564 F.3d 386, 418 (5th Cir. 2009) (citing Aguiar v. Segal, 167 S.W.3d 443, 450 (Tex. App. -- Houston [14th Dist.] 2005, pet. denied)). ACE's and Gallagher's allegation that Gallagher entered into an agreement with Diversimed to locate and retain a competent medical provider to perform an IME, and that Diversimed may have breached that agreement by failing to do so is not sufficient to state a claim for breach of contract under Texas law absent allegations of fact capable of establishing that such an agreement was formed and that ACE and Gallagher performed or tendered performance pursuant to that agreement.

Rule 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Because a Rule 12(b)(6) motion to dismiss is not a "responsive pleading," the filing of such a motion does not extinguish a party's right to amend as a matter of course. McKinney v. Irving Independent School Dist., 309 F.3d 308, 315 (5th Cir. 2002), cert. denied, 123 S.Ct. 1332 (2003). Since Diversimed's motion to dismiss was not a responsive pleading, ACE and Gallagher were entitled to amend their cross-claims as a matter of right when they filed their response to

Diversimed's motion. Id. Nevertheless, instead of amending their cross-claims as a matter of right, ACE and Gallagher filed an eight-page response to Diversimed's motion to dismiss in which they assert that they have "sufficiently set[] forth the elements of a negligence and breach of contract cause of action against Diversimed that satisfy the pleading requirement of Rule 8(a)."[35] ACE and Gallagher conclude their response with a general curative request to amend.

Generally, "[w]hen, as in this case, a plaintiff who has a right to amend nevertheless petitions the court for leave to amend, the court should grant the petition." Id. (quoting Zaidi v. Ehrlich, 732 F.2d 1218, 1220 (5th Cir. 1984)). Nevertheless, the court concludes that leave to amend should not be granted. Although ACE and Gallagher were aware of Diversimed's objections to their cross-claims as written because those objections appeared in Diversimed's motion to dismiss, ACE and Gallagher failed to amend their cross-claims, failed to furnish the court with a proposed amended complaint, and failed to alert the court to any additional facts not initially pled that could cure the pleading defects raised by Diversimed. Under these circumstances the court is not persuaded that ACE and Gallagher should receive another opportunity to plead their cross-claims. See id. (finding no abuse of discretion in the district court's denial of request for leave to

---

[35]Id.

amend where the plaintiffs failed to submit a proposed amended complaint together with a request for leave to amend and failed to alert the court to the substance of any proposed amendment). Accordingly, ACE and Gallagher's request for leave to amend will be denied.

### III.  ACE's and Gallagher's Motion for Leave to Designate Responsible Third-Party

Citing §§ 33.004(a) and (j) of the Texas Civil Practice and Remedies Code, ACE and Gallagher seek to designate Diversimed as a responsible third-party.

### A.  Standard of Review

ACE and Gallagher seek leave to designate Diversimed as a responsible third-party under the Texas proportionate responsibility scheme contained in Chapter 33 of the Texas Civil Practice and Remedies Code.  With certain express exceptions not relevant here, Chapter 33 applies to all common law torts and to statutory torts that do not include a separate and conflicting legislative fault-allocation scheme.  Tex. Civ. Prac. & Rem. Code § 33.002; JCW Electronics, Inc. v. Garza, 257 S.W.3d 701, 704-06 (Tex. 2008).

> "Responsible third party" means any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these.  The term "responsible third

party" does not include a seller eligible for indemnity
under Section 82.002.

Tex. Civ. Prac. & Rem. Code § 33.011(6).  See also In re Unitec
Elevator Services Co., 178 S.W.3d 53, 58 n.5 (Tex. App. -- Houston
[1st Dist.] 2005, no pet.).  Responsible third parties are not
limited to those who can be joined as parties to the litigation.
Responsible third parties may be persons or entities outside the
court's jurisdiction, unable to be sued by the plaintiff, or even
unknown.  See Tex. Civ. Prac. & Rem. Code §§ 33.004(j)-(k).  See
also In re Unitec Elevator Services Co., 178 S.W.3d 53, 58 n.5
(Tex. App. -- Houston [1st Dist.] 2005, no pet.).  If a court gives
leave to designate a responsible third party, and there is evidence
sufficient to submit a question to the jury regarding the conduct
of the party, the trier of fact determines the percentage of
responsibility of the claimants, defendants, settling persons, if
any, and any responsible third parties.  Tex. Civ. Prac. & Rem.
Code § 33.003.

     Once a defendant has moved for leave to designate a
responsible third party, plaintiffs may object.  Tex. Civ. Prac. &
Rem. Code § 33.004(f).[36]  To successfully prevent designation of a
responsible third party, the burden is on the plaintiff to
establish that "(1) the defendant did not plead sufficient facts

---

[36]Section 33.004(f) provides:  "A court shall grant leave to
designate the named person as a responsible third party unless
another party files an objection to the motion for leave on or
before the 15th day after the date the motion is served."  Tex.
Civ. Prac. & Rem. Code § 33.004(f).

-28-

concerning the alleged responsibility of the [third party] to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and (2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure." Tex. Civ. Prac. & Rem. Code § 33.004(g).

A court's grant of a motion for leave to designate a responsible third party at this stage in the litigation does not preclude a party from later challenging the designation. "After adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." Tex. Civ. Prac. & Rem. Code § 33.004(l). "The court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage." Id. In this instance, the burden is on the defendants to produce sufficient evidence to raise a genuine issue of fact regarding the designated party's responsibility for the plaintiff's injury or damage. Additionally, before trial the court must determine whether there is sufficient evidence to support the submission of a question to the jury regarding the designated party's responsibility. Tex.

Civ. Prac. & Rem. Code § 33.003(b).[37]  Therefore, while the pleading
requirements at the outset are not stringent, as trial moves
closer, the requirement for sufficient evidence to support the
actual submission of a question on the responsibility of the
designated third party becomes more demanding.

## B.   **Analysis**

Ace and Gallagher seek to designate Diversimed as a
responsible third party.  In support of its motion to designate a
responsible third party, Ace and Gallagher argue that

> Diversimed is a responsible third party within the
> meaning of Texas Civil Practice and Remedies Code Section
> 33.011(6) because Diversimed allegedly caused or
> contributed to the harm for which Plaintiff seeks
> damages.
>
> Specifically, Plaintiff alleges that Gallagher
> engaged Diversimed to arrange for an "Independent"
> medical examination of Plaintiff, implying, through the
> use of quotation marks, that the medical examination of
> Plaintiff was not truly independent.  Plaintiff further
> alleges that Diversimed engaged Dr. Ruben Pechero
> ("Dr. Pechero") to perform this examination; further
> alleging that Diversimed or Gallagher or both failed to
> properly determine Dr. Pechero's qualifications to
> provide a proper medical evaluation.  Plaintiff alleges
> that Diversimed or Gallagher or both "cherry picked" the
> information supplied to Dr. Pechero.  Plaintiff claims he
> questioned the qualifications of Dr. Pechero prior to
> submitting to same.  Plaintiff further alleges that
> Dr. Pechero erroneously diagnosed Plaintiff and did so
> without a complete record of Plaintiff's medical history.
> Plaintiff alleges that Dr. Pechero's examination was

---

[37]Section 33.003(b) of the Texas Civil Practices and Remedies
Code provides:  "This section does not allow a submission to the
jury of a question regarding conduct by any person without
sufficient evidence to support the submission."

"outcome oriented" and "designed to provide a basis for termination of benefits to [Plaintiff]." Plaintiff alleges that Gallagher lacked a reasonable basis to terminate Plaintiff's claim. Plaintiff alleges that Gallagher was acting as the agent for ACE in terminating these benefits and both "were motivated, on information and belief, by a desire to avoid the continued financial obligation . . . [to Plaintiff]." Plaintiff claims that the termination of benefits caused him harm. Plaintiff alleges that Gallagher was the agent of ACE and that "Diversimed was at all material times doing the biding of Gallagher and its principal . . ." Plaintiff further alleges that Diversimed was seeking to provide ACE and Gallagher "with 'savings' by knowingly using incompetent or unqualified medical consultants."

Although Diversimed may not be legally liable to Plaintiff, ACE and Gallagher are not precluded from designating Diversimed as a responsible third party under section 33.004 because such a designation does not impose liability upon Diversimed. In fact, entities that are not subject to any liability may be designated as responsible third-parties.[38]

Although more than two months have passed since July 5, 2012, when ACE and Gallagher filed their motion for leave to designate responsible third party, plaintiff has not responded to ACE's and Gallagher's motion to designate Diversimed as a responsible third party. Local Rule 7.3 provides that "Opposed motions will be submitted to the judge twenty days from filing without notice from the clerk and without appearance by counsel." S.D.Tex.R. 7.3 (2000). Local Rule 7.4 provides that the "[f]ailure to respond will be taken as a representation of no opposition." S.D.Tex.R. 7.4 (2000). Taking plaintiff's failure to respond to ACE's and Gallagher's motion to designate Diversimed as a responsible third

---

[38]ACE's and Gallagher's Motion to Designate Responsible Third-Party, Docket Entry No. 52, pp. 3-5.

party as a representation of no opposition, the court concludes that plaintiff has failed to meet his burden of demonstrating that ACE and Gallagher have failed to satisfy the requirements for designating Diversimed as a responsible third party under Chapter 33 of the Texas Civil Practice and Remedies Code.  Since ACE's and Gallagher's motion to designate Diversimed as a responsible third party is not a dispositive motion and will not result in a dismissal of plaintiff's claims with prejudice, the court has no reason not to grant the motion.  Accordingly, ACE and Gallagher's motion to designate Diversimed as a responsible third party will be granted.

### IV.   Conclusions and Order

For the reasons explained in § II, above, Defendant Diversimed, Inc.'s Motion to Dismiss, Pursuant to FRCP 12(b)(6), for Failure to State a Claim Upon which Relief Can Be Granted (Docket Entry No. 3) is **GRANTED.**   Cross-Defendant Diversimed, Inc.'s Motion to Dismiss Cross-Plaintiffs' Crossclaim, Pursuant to FRCP 12(b)(6), for Failure to State a Claim Upon Which Relief Can Be Granted (Docket Entry No. 48) is **GRANTED.**   Defendants ACE and Gallagher's request for leave to amend their cross-claims alleged against Diversimed, included in ACE's and Gallagher's Response to Diversimed's Motion to Dismiss Cross-Claim (Docket Entry No. 51) is **DENIED.**

For the reasons explained in § III, above, ACE American Insurance Company's and Gallagher Bassett Services, Inc.'s Motion for Leave to Designate Responsible Third-Party (Docket Entry No. 52) is **GRANTED**.

**SIGNED** at Houston, Texas, on this 10th day of September 2012.

SIM LAKE
UNITED STATES DISTRICT JUDGE